IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-250

Filed 6 May 2026

Rowan County, No. 24CVS000239-790

DANNY WYATT, Plaintiff/Petitioner,

v.

NORTH CAROLINA DEPARTMENT OF INSURANCE, Defendant/Respondent.

Appeal by petitioner from order entered 23 September 2024 by Judge William A. Long in Rowan County Superior Court. Heard in the Court of Appeals 15 January 2026.

*Koontz & Smith, by Peter C. Smith, for petitioner-appellant.*

*Attorney General Jeff Jackson, by Special Deputy Attorney General M. Denise Stanford, for respondent-appellee.*

DILLON, Chief Judge.

Petitioner Danny Wyatt appeals an order upholding a final agency decision revoking his license from our Department of Insurance ("NCDOI") to work as a motor vehicle damage appraiser ("MVDA"), based on alleged violations of the ethical standards promulgated by the NCDOI for MVDAs, as contained in 11 NCAC 06A .1002 (the "Ethics Standards").

## I.  Background

Petitioner became licensed as a MVDA through the NCDOI in 2017.

In April 2021, Petitioner sent an email to another licensed MVDA, Mr. Taylor, who lived out of state, accusing Mr. Taylor of being biased and financially interested in evaluating insurance claims. A complaint was filed against Petitioner alleging he violated the Ethics Standards by sending the email.

In July 2021, Petitioner executed a Voluntary Settlement Agreement, agreeing he violated Ethics Standards and that he would obey all North Carolina laws and regulations governing MVDAs. Additionally, the Agreement stated it was an order of the Commissioner and that any future violation of the Agreement could lead to a revocation of Petitioner's license.

Shortly after entering the Agreement, Petitioner sent emails, similar to the one he had sent in April, to five other licensed MVDAs residing outside of North Carolina, questioning the validity of their MVDA licenses and refusing to work with many of them on claims.

Specifically, on 5 August 2021 Petitioner sent an email to a licensed, non-resident MVDA, stating she was not lawfully licensed as a non-resident MVDA.

In September 2021 Petitioner sent an email to another non-resident licensee suggesting that the licensee should voluntarily turn in his MVDA license.

In October 2021, Petitioner sent an email to another licensee, stating he refused to work with the licensee because the licensee was not lawfully licensed as a non-resident MVDA. Petitioner also accused this licensee of falsifying his North Carolina licensure application.

In December 2021, Petitioner sent an email to another non-resident MVDA, claiming that licensee was not lawfully licensed, refusing to work with that licensee on a claim that they had been assigned.

Finally, in January 2022, Petitioner sent an email to another non-resident licensee, claiming the licensee was not lawfully licensed, refusing to work with that licensee on a claim that they had been assigned.

In November 2023, NCDOI conducted a hearing to determine whether Petitioner violated NCDOI's administrative rules. In January 2024, the NCDOI issued a Final Agency Decision, concluding that Petitioner's statements to the five licensees were disparaging to their professional reputation and therefore violated 11 NCAC 06A .1002(b)(1). Additionally, the NCDOI concluded Petitioner's statements impeded the appraisal process, in violation of 11 NCAC 06A .1002(b)(4) and constituted giving legal advice, in violation 11 NCAC 06A .1002(b)(7).

Petitioner appealed the Final Agency Decision. Petitioner filed a petition for judicial review in superior court. On 19 September 2024, after a hearing on the matter, the trial court entered an order affirming the Final Agency Decision. Petitioner timely appealed.

## II.    Standard of Review

The sole issue on appeal is whether the trial court erred in affirming the Department's Final Agency Decision.

Pursuant to N.C.G.S. § 150B-51(b):

The court reviewing a final decision may affirm the decision or remand the case for further proceedings. It may also reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary, capricious, or an abuse of discretion.

The reviewing court shall review the final decision using the de novo standard of review when reviewing subsections (1)-(4). N.C.G.S. § 150B-51(c). A whole record standard of review shall be used when reviewing subsections (5) and (6). *Id.*

"When the issue on appeal is whether a state agency erred in interpreting a statutory term, an appellate court may freely substitute its judgment for that of the agency and employ de novo review." *In re Appeal of N.C. Sav & Loan League*, 302 N.C. 458, 465 (1981). "Although the interpretation of a statute by an agency created to administer that statute is traditionally accorded some deference by appellate courts, those interpretations are not binding." *Id.*

### III.    Analysis

Petitioner makes three arguments on appeal, which we address in turn.

First, Petitioner argues that NCDOI and the trial court interpreted subsection (1) of the Ethics Standards incorrectly. Specifically, this subsection states "[e]very licensed motor vehicle damage appraiser shall refrain from. . . *disparaging* the professional reputation of a motor vehicle damage appraiser or other persons associated with the claim[.]" (Emphasis added.) Petitioner contends he should not have been found violating this Rule because the statements he made were directed at the respective non-resident licensees and *not* communicated to a third party.

In support of his argument, Petitioner cites cases involving the civil tort of defamation and other civil tort claims, which require proof that the statements be published to a third party. *See, e.g., Taube v. Hopper*, 270 N.C. App. 604, 608 (2020) (to prove a defamation tort, the plaintiff "must allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation").

However, this present case does not involve a civil tort claim for defamation or other tort claims. Rather, it involves the discipline of a licensee and the proper interpretation of a provision in the Ethics Standards, which proscribes a licensee from disparaging the professional reputation of another licensee. 11 NCAC 06A .1002(b)(1). "Disparage," may be defined in multiple ways. *See* Black's Law Dictionary 591 (11th Ed. 2019) (to "act . . . unfairly castigating or detracting from the reputation of someone or something[,]" or "[a]ny statement cast in a negative light may amount to disparagement in a general sense."); *See also* The American Heritage

College Dictionary 400 (3d ed.1997) ("[t]o reduce in esteem or rank").

We conclude that statements are "disparaging" which "unfairly" accuses a properly licensed MVDA of not being properly licensed and "unfairly" accuses a properly licensed MVDA of falsifying his licensure application, especially after entering an Agreement not to do the same in the future. One can certainly make a disparaging comment directly to one being unfairly accused. Though an unfair accusation is not actionable in tort unless published to a third party, the plain language of the Ethics Standard Code does not require the accusation be published to a third party. It is reasonable that the NCDOI be able to discipline a licensee who unfairly disrespects another licensee directly. Accordingly, we conclude the NCDOI and the trial court did not err in their interpretation of 11 NCAC 06A .1002(b)(1).

Second, Petitioner contends there was insufficient evidence to support the determination that he violated subsection (4) of the Ethics Standards, which states that a licensee shall refrain from "impeding the appraisal process or the settlement of a property damage claim."

To determine whether there is substantial evidence to support an agency decision, we apply the "whole record" test. *See Leahy v. North Carolina Bd. of Nursing*, 346 N.C. 775, 779 (1997). "[T]he 'whole record' rule requires the court, in determining the substantiality of evidence supporting the Board's decision, to take into account whatever in the record fairly detracts from the weight of the Board's evidence." *Thompson v. Wake County Bd. Of Ed.*, 292 N.C. 406, 410 (1977). "A court

applying the whole record test may not substitute its judgment for the agency's as between two conflicting views, even though it could reasonably have reached a different result had it reviewed the matter *de novo*." *Watkins v. North Carolina Bd. Of Dental Examiners*, 358 N.C. 190, 199 (2004).

The record contains evidence that Petitioner refused to work with certain non-resident licensees on claims to which they were assigned. We have considered Petitioner's arguments. However, given Petitioner had previously entered a settlement after being accused of disparaging another non-resident licensee, we conclude there was substantial evidence in the whole record to support the NCDOI's conclusion that Petitioner violated subsection (4) of the Ethics Standards.

Finally, Petitioner contends that the NCDOI erroneously concluded he violated subsection (7) of the Ethics Standards, which proscribes a licensee from "giving legal advice on property damage claims in violation of G.S. 84-4." General Statute 84-4 is the statute which proscribes the unauthorized practice of law.

Petitioner's sole argument on appeal regarding this contention is that only the State Bar has jurisdiction to make the determination that Petitioner's actions constituted the unauthorized practice of law. We disagree. The NCDOI has jurisdiction over its licensees to enforce the Ethics Standards.

With that said, we note it could be argued that Petitioner did not violate subsection (7), as there was no allegation that he offered "legal advice on property damage claims." That is, he was not accused of advising anyone regarding his

property damage claim.  Rather, he was only accused of giving legal advice regarding the licensure requirements for non-resident MVDAs.  However, Petitioner did not make this argument; and we decline to invoke Rule 2 of our Appellate Procedure to consider it.  In so deciding, we note that Petitioner's violations of subsections (1) and (4) are sufficient to support NCDOI's decision to revoke Petitioner's license.

AFFIRMED.

Judges HAMPSON and MURRY concur.